UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

JOHN DOUGLAS JONES, JR.,

        Petitioner,                    Case No. 1:23-cv-326

v.                                          Honorable Ray Kent

BRIAN S. MILLER,

        Respondent.
_____ /

**OPINION**

This is a habeas corpus action brought by a pretrial detainee under 28 U.S.C. § 2241. Petitioner John Douglas Jones, Jr. reports that he is being held in the Mecosta County Jail awaiting trial on charges of false pretenses ($200.00 or more but less than $1,000.00) and defrauding an innkeeper in case number 23-55226SM. (Am. Pet. Ex. B, ECF No. 5-2, PageID.20.) Petitioner contends that the charges should be dismissed, and he should be immediately released because no evidence supports the charged offenses. (ECF No. 7, PageID.27.) Petitioner also suggests that his appointed attorney has provided ineffective assistance. (*Id.*) Petitioner alleges further that the charges are premised upon discrimination (ECF No. 5) and that he has been unfairly denied bond (ECF No. 1). He also suggests that the state court has "fail[ed] to obtain subject matter and personal jurisdiction" over his case. (ECF No. 10, PageID.44.) Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States

magistrate judge. (ECF No. 1, PageID.4.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases.[1] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[2] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies. The Court will also deny Petitioner's motion (ECF No. 11) requesting to be moved to the custody of the United States Marshals Service.

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I.  **Petitioner's § 2241 Petition**

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a prejudgment detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a prejudgment § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990).

None of Petitioner's claims regarding his pending charges and detention fall within any of these exceptional circumstances. Furthermore, Petitioner is asking the Court to release him from detention and dismiss the charges. Such relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petition brings a prejudgment habeas petition seeking

4

dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Court Dep't of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, even if Petitioner's grounds for relief were permitted, he would still have to exhaust his state court remedies. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490-91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981) (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner suggests that he has pursued his claims for relief in the state court by filing various motions, including motions to dismiss due to ineffective assistance and lack of evidence. (ECF Nos. 1-1 and 9-1.) Petitioner does not indicate whether the state court has ruled upon his motion, and the specific district court in which Petitioner's charges are pending does not have a public records search available to the public. Nevertheless, a challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq.* Under those provisions and the Michigan Court Rules, it appears that state court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas

5

corpus remedy may provide a means to obtain relief. Unless and until Petitioner has fairly presented his federal habeas issues to the Michigan courts, he has not exhausted his remedies such that this Court might consider Petitioner's challenges to his pretrial detention.

## II. Petitioner's Motion for a Transfer

As noted *supra*, Petitioner has filed a motion requesting to be transferred to the "jurisdiction of [the] U.S. Marshal until adjudication of [his] habeas corpus" petition. (ECF No. 11, PageID.52.) Petitioner suggests that he should be placed in the custody of the United States Marshals Service because the state court has constantly denied Petitioner's motions to dismiss on the basis of ineffective assistance of counsel. (*Id.*) Petitioner, however, is not entitled to the relief he seeks. Petitioner has been charged with criminal offenses by state authorities, not federal, and therefore there is no basis for Petitioner to be transferred to the Marshal's custody. His motion, therefore, will be denied.

## **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of

6

the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons, the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies, denying a certificate of appealability, and denying Petitioner's motion (ECF No. 11) to be transferred to the custody of the United States Marshals Service.


Dated:   May 9, 2023                             /s/ Ray Kent
                                                 Ray Kent
                                                 United States Magistrate Judge